UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARL,<br><br>    Plaintiff,<br><br>  v.<br><br>ZIMMER BIOMET HOLDINGS, INC., et al.,<br><br>    Defendants. | No. C 22-03435 WHA<br><br>**ORDER REMANDING CASE** |

### INTRODUCTION

In this employment action, plaintiff sues his former employer and supervisor for retaliation. The employer removed the action on the basis of diversity jurisdiction, claiming fraudulent joinder of the supervisor. Plaintiff now seeks to remand the action to state court. For the reasons stated below, plaintiff's motion to remand is **GRANTED**.

### STATEMENT

This is a satellite suit following an employment class action, *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA. Orders therein detailed the facts (*see, e.g.,* Dkt. Nos. 127, 169, 204). In short, defendant Zimmer Biomet Holdings, Inc., sold medical devices. Plaintiff James Karl was employed by Zimmer Biomet as a sales associate and served as a class representative in the class action, the focus of which was whether Zimmer Biomet had misclassified its sales employees as independent contractors. After nearly three years of

litigation, the parties reached a class-wide settlement agreement in April 2021, which then received final court approval in March 2022.

Plaintiff filed the instant suit a month later in state court. Our complaint here broadly alleges that defendants Zimmer Biomet and Donald Quigley, plaintiff's supervisor, retaliated against plaintiff for his support of the class action. Specifically, plaintiff alleges that defendants suggested he resign, manipulated sales territory so that he would receive fewer commissions, withheld earned commissions, and interfered with his relationships with clients and prospective clients, all in retaliation for his role in the class action suit. Plaintiff further alleges that, as a result of the foregoing, his monthly income dwindled from $22,000 in 2017 to $7,000 in 2021. He was "terminated, or constructively terminated," in December 2021 (Compl. ¶¶ 5, 29–31).

Plaintiff brought state claims in the Superior Court for the County of Marin for unlawful retaliation, failure to pay wages, wrongful termination, intentional infliction of emotional distress, negligent misrepresentation, and intentional misrepresentation. Zimmer Biomet, a citizen of Delaware and Indiana, removed to federal court on the basis of diversity jurisdiction, asserting that Supervisor Quigley, a California resident, was fraudulently joined. Plaintiff now moves to remand back to state court and seeks attorney's fees and costs incurred as a result of bringing this motion. The central issue is whether plaintiff has stated enough of a claim against Quigley to defeat complete diversity and removal jurisdiction. This order follows full briefing and oral argument.

## ANALYSIS

Zimmer Biomet contends that Supervisor Quigley was joined as a sham defendant in order to destroy diversity, and that, once Quigley is dismissed, complete diversity will sustain removal (Dkt. No. 1 at 4–11). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious according to the settled rules* of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). But "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must

find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (citations omitted). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Ibid.*

Here, the only claims that plaintiff asserts against Quigley are for unlawful retaliation, intentional infliction of emotional distress, and intentional misrepresentation. For the reasons set forth below, this order finds there is a possibility that plaintiff has stated a claim against Quigley for unlawful retaliation and intentional infliction of emotional distress.

1. **PLAINTIFF HAS POSSIBLY STATED A CLAIM AGAINST QUIGLEY FOR UNLAWFUL RETALIATION.**

Zimmer Biomet argues that the California Whistleblower Protection Act, Cal. Lab. Code § 1102.5, does not impose liability on individuals, including managers and supervisors. Plaintiff replies that the question is unsettled and that remand is accordingly proper. This order sides with plaintiff.

On a wide range of motions, our federal courts construe state statutes and resolve their ambiguities. It, therefore, seems the same should be true for removal-remand motions. If, for example, a district judge construes a state statute to eliminate any possibility of supervisory liability, then a motion to remand would be denied. If, on the other hand, a district judge sustains supervisory liability under the statute, then remand would be in order.

No decision by our court of appeals directly answers this question. The closest answer is its instruction that the failure of plaintiff's claim must be "obvious according to the settled rules of the state." *McGabe*, 889 F.3d at 548.

Removal-remand motions present the following conundrum. If the district judge rules in favor of supervisory liability and then remands, what happens if the state judge goes the other way and rules there is no liability under the statute? The state judge should not be bound to follow the federal judge's view of the statute, for the state judge's view of their own statute should carry more weight. To avoid this conundrum, it is best, as a matter of comity, for the federal judge to ask whether there is any possibility of the state court sustaining supervisory

3

1  liability and, if so, to remand to the state court to rule in the first instance. If supervisory
2  liability is rejected by the state court, and the supervisor dismissed from the case, then the case
3  could be removed to federal court. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696
4  (9th Cir. 2005) (30-day clock for removal begins when it becomes "apparent" that the case has
5  become removable by "an amended pleading, motion, order or other paper"); *see also* 28
6  U.S.C. § 1446(b)(3).

7  Here, section 1102.5 was amended in 2013 to include the addition of "or any person
8  acting on behalf of the employer" instead of referring solely to "an employer." *See, e.g.*, *Bales
9  v. Cnty. of El Dorado*, No. C 18-01714, 2018 WL 4558235, at *2 (E.D. Cal. Sept. 20, 2018)
10 (Judge John A. Mendez) (noting the amendment). No California court has addressed the issue
11 of supervisory liability for unlawful retaliation since the amendment to the language. Federal
12 district courts, however, have repeatedly found the amendment's language to be ambiguous
13 and ruled in favor of plaintiffs on motions to remand. *See, e.g., Ferguson v. Marsh &
14 McLennan Agency LLC*, No. C 21-00585, 2021 WL 4974798, at *4 (N.D. Cal. June 10, 2021)
15 (Judge Jon Tigar) ("Given that California law is unsettled on the issue of individual liability for
16 a Section 1102.5 claim, it is possible that a state court would find that Ferguson can state a
17 cause of action against Individual Defendants."); *Jackson v. Dollar Tree Distribution, Inc.*, No.
18 C 18-02302, 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) (Judge Phillip S. Gutierrez)
19 ("[T]here is at the very least ambiguity as to whether § 1102.5 permits individual liability—an
20 uncertainty that ought to be resolved in favor of Plaintiff."); *Lewis v. Wells Fargo Bank, N.A.*,
21 No. C 16-07377, 2016 WL 7107760, at *2 (C.D. Cal. Dec. 5, 2016) (Judge Percy Anderson).

22 Moreover, plaintiff's view of the statute is convincing. Corporations must necessarily act
23 through employees, so the 2013 amendment must be expanding liability. *See* Cal. Sen. Comm.
24 on Labor & Indus. Relations, Analysis of S.B. No. 666 as amended Apr. 11, 2013 (2013-2014
25 Reg. Sess., Apr. 24, 2013), p. 6 ("This bill . . . will place the employer, *or his/her
26 representative*, at risk of incurring civil penalties. . . ." (emphasis added)). This conclusion
27 also aligns with the broad remedial purpose of the California Whistleblower Protection Act.
28 *See Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 77 (1998) (section 1102.5 "reflects the broad

public policy interest in encouraging workplace whistle-blowers to report unlawful acts without fearing retaliation"). Given that no California court has addressed the issue and that the statutory language can be reasonably read to provide for supervisor liability, this order finds that there is a "possibility" that plaintiff has stated a claim against Quigley. *Grancare*, 889 F.3d at 548.

Zimmer Biomet acknowledges that no California court has reached the issue, but nonetheless objects that "*no federal court* has held that the language of the statute imposes individual liability on managers or supervisors" (Opp. 4). Not so. As plaintiff points out, at least one federal district court has found that the plain post-amendment language of Section 1102.5 provides for supervisory liability. *See Cordell v. PICC Lines Plus LLC*, No. C 16-01814, 2016 WL 4702654, at *5–6 (N.D. Cal. Sept. 8, 2016). That decision further suggests that plaintiff's claim possibly has merit.

Zimmer Biomet additionally points to several post-amendment federal district court decisions that held that Section 1102.5 does not impose individual liability (Opp. 4). Those decisions, however, either cited pre-amendment case law or involved statutory analysis at the motion to dismiss stage. As our court of appeals has explained,

> the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.

*Grancare*, 889 F.3d at 489. As stated above, it is "possible" that a state judge would find that Section 1102.5 provides for individual liability, which is enough to support remand.

This order accordingly finds that plaintiff has possibly stated a claim against Quigley for unlawful retaliation.

2. **PLAINTIFF HAS POSSIBLY STATED A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

This order additionally finds that plaintiff has possibly stated a claim against Quigley for intentional infliction of emotional distress. Plaintiff alleges that he has "suffered emotional distress and mental anguish" as a result of Quigley's retaliatory actions (Compl. ¶ 58).

Zimmer Biomet argues that this claim must fail because Quigley's actions were related to personnel management and are not sufficiently extreme or outrageous.

This order disagrees. Our complaint alleges that Quigley expressly told plaintiff that his sales territory would change depending on whether he dropped his support of the class action lawsuit (*see id.* ¶¶ 29–35). As the California Supreme Court has explained, "the compensation bargain cannot encompass conduct . . . obnoxious to the interests of the state and contrary to public policy and sound morality." *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1155 (1998) (citations omitted). Quigley's alleged efforts to leverage his managerial authority to retaliate against plaintiff for his support of an employment class action are contrary to public policy, do not qualify as run-of-the-mill personnel management, and are possibly outrageous. It is accordingly possible that plaintiff can state this cause of action.

For those same reasons, Zimmer Biomet's argument that that the claim is preempted by the California Workers' Compensation Act is unavailing. "The Workers' Compensation Act provides the exclusive remedy for injuries sustained in connection with 'actions that are a normal part of the employment relationship.'" *Ferretti v. Pfizer Inc.*, No. C 11-04486, 2012 WL 3638541, at *10 (N.D. Cal Aug. 22, 2012) (Judge Lucy H. Koh) (citation omitted); Cal. Lab. Code §§ 3600-02. There is an exception to preemption, however, if an employer's conduct "exceeds the risks inherent in the employment relationship." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902–03 (2008). Because plaintiff alleges offensive conduct "outside the normal course of employment and therefore not preempted by the Workers' Compensation Act," *Bohnert v. Roman Catholic Archbishop of San Francisco*, 67 F. Supp. 3d 1091, 1098 (N.D. Cal. 2014) (Judge William H. Orrick), there is a possibility that he could state a claim for intentional infliction of emotional distress.

In sum, this order finds that plaintiff has possibly stated a claim against Quigley for unlawful retaliation and intentional infliction of emotional distress. Given the viability of those two claims, this order need not address plaintiff's misrepresentation claim. Plaintiff's motion to remand is accordingly **GRANTED**.

//

### 3. ATTORNEY'S FEES.

Plaintiff has moved under 28 U.S.C. § 1447(c) for attorney's fees incurred as a result of bringing this motion. That section provides discretion to courts ordering remand to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This order finds, however, that Zimmer Biomet had a sufficient minimal good faith basis to seek removal. Plaintiff's motion for attorney's fees and costs is **DENIED**.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is **GRANTED** and plaintiff's motion for attorney's fees is **DENIED**. This case is hereby **REMANDED** to the California Superior Court for the County of Marin based on lack of subject-matter jurisdiction. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE